# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

STANLEY T. PETERSON,

    *Petitioner*,

vs.

I. BACA, *et al.,*

    *Respondents.*

3:12-cv-00674-LRH-WGC

ORDER

This habeas action comes before the Court for initial review. The filing fee has been paid.

Turning to initial review, petitioner must file a petition on the Court's required § 2254 petition form. The present petition is entirely handwritten, and petitioner invokes 28 U.S.C. § 2241. The determination of whether a petitioner must proceed under 28 U.S.C. § 2254 rather than 28 U.S.C. § 2241 is a status inquiry directed to the source of the petitioner's custody. *See, e.g.*, *Shelby v. Bartlett*, 391 F.3d 1061, 1063-64 (9th Cir. 2004). Petitioner is in custody pursuant to a Nevada state conviction. He therefore must proceed under § 2254, and he accordingly must use the Court's required § 2254 form as required by Local Rule LSR 3-1.

It does not appear that a dismissal without prejudice of this improperly-commenced action would materially affect the analysis of either the timeliness of a promptly-filed new action or other issues therein.[1]

---

[1] The online docket records of the state and federal courts reflect the following:

Petitioner Stanley T. Peterson seeks to challenge his Nevada state conviction, pursuant to a guilty plea, of sexual assault upon a minor under the age of fourteen. The judgment of conviction was filed more than a decade ago on May 30, 2002. Petitioner did not file a direct appeal, and the time to do so expired on Monday, July 1, 2002. Absent

IT THEREFORE IS ORDERED that the petition is DISMISSED without prejudice to the filing of a new petition in a new action under a new docket number on the Court's required form with either payment of the filing fee or a properly completed pauper application.

IT FURTHER IS ORDERED that a certificate of appealability is DENIED.

The Clerk shall send petitioner two copies each of the noncapital habeas petition and inmate pauper application forms, one copy of the instructions for each form, and one copy of the papers that he submitted in this action.

The Clerk shall enter final judgment accordingly, dismissing this action without prejudice.

DATED this 28th day of January, 2013.



_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

---

tolling or delayed accrual, the federal one-year limitation period accordingly would have expired one year later on July 1, 2003.

Petitioner has not filed any proceedings in the state district court seeking post-conviction or other collateral review of his conviction or sentence. He filed an original petition for extraordinary relief in the state supreme court on December 15, 2004, well over a year after the apparent expiration of the federal limitation period. The state supreme court denied relief through such a procedure in lieu of a post-conviction petition filed in the state district court, and the remittitur issued on February 8, 2005. Petitioner has filed no other post-conviction or collateral review proceedings in the state courts.

In No. 3:05-cv-00081, this Court held that petitioner's prior January 20, 2005, federal petition, *inter alia*, was time-barred, rejecting his arguments seeking to establish equitable tolling. The Ninth Circuit denied a certificate of appealability on September 28, 2006.

It thus would appear that there is a substantial probability that a federal petition challenging petitioner's state conviction at this juncture both would be successive and untimely, without regard to any interval between the dismissal of this action without prejudice and the prompt filing of a new action. The Court notes that it recently dismissed another petition by Peterson without prejudice in No. 3:12-cv-0552-RCJ-WGC because he neither paid the filing fee nor submitted a pauper application. The order in that case specifically referred to the filing of "a petition for a writ of habeas corpus on the court-approved form" and directed the Clerk to provide petitioner a copy of the form. Petitioner disregarded the prior order and instead filed a handwritten petition in this action.

Petitioner at all time remains responsible for calculating the running of the one-year federal limitation period, timely presenting exhausted claims, and otherwise complying with all applicable procedural requirements, including those applicable to successive petitions. The Court expresses no opinion as to whether the petition or claims therein are subject to other deficiencies.