# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

STANLEY T. PETERSON,

    *Petitioner*,

vs.

I. BACA, *et al.*,

    *Respondents.*

3:12-cv-00674-LRH-WGC

ORDER

    This closed habeas action comes before the Court on petitioner's motion (#7) for relief from order. The motion was mailed and filed within the time period for seeking relief under Rule 59.

    The Court dismissed the action without prejudice because petitioner did not file the petition on the required § 2254 form. As noted in the prior order, the one-year limitation period, absent tolling or delayed accrual, expired nearly a decade ago. Petitioner's 2005 petition was denied as untimely, and the Court of Appeals denied a certificate of appealability. Dismissal of the present action therefore will not materially impact the analysis of whether a new petition is successive and untimely.

    Petitioner's argument that he is not required to proceed under § 2254 is frivolous. Petitioner is challenging his custody pursuant to a Nevada state conviction. Regardless of the legal theory for his challenge to that custody, he must proceed under § 2254. Petitioner's effort to distinguish *Shelby v. Bartlett*, 391 F.3d 1061 (9th Cir. 2004), is based upon a distinction without a difference. The determination of whether a petitioner must proceed under § 2254 is a status inquiry directed to the source of the petitioner's custody. If a prisoner is in custody pursuant to a state judgment of conviction, he must proceed under § 2254, regardless of the type of proceeding challenged or the underlying legal basis for the challenge. *See, e.g.*, 391 F.3d at 1063-64.

1   Petitioner is in custody pursuant to a May 30, 2002, state judgment of conviction, pursuant to
2 a guilty plea, of sexual assault of a minor under the age of fourteen.  He must proceed under § 2254,
3 and he must do so on the § 2254 form required by the local rules.  *See* Rule 2(d) of the Rules Governing
4 Section 2254 Cases.  The required form for a petition to raise what petitioner describes as an "Item No.
5 950 Constitutionality of State statute(s)" challenge is the form that the Court has supplied to petitioner
6 previously on two occasions.  The fact that petitioner incorrectly checked a 950 nature of suit code on
7 the civil cover sheet rather than the correct 530 nature of suit code for a habeas action has nil
8 significance.  If petitioner wishes to seek federal habeas relief challenging his Nevada state custody, he
9 must file a new petition on the required § 2254 form in a properly-commenced new action.

10   Petitioner should note that allegations of judicial misconduct, partiality, bias, and lack of
11 integrity are subject to the same pleading requirements as other allegations in filings.  *Cf. In re Judicial*
12 *Misconduct*, 527 F.3d 792, 796-97 (9th Cir. 2008).  The presentation of similar allegations as in the
13 present motion, see #7, at 3, with no factual foundation other than petitioner's displeasure with a court
14 ruling may subject petitioner to sanctions under Rule 11(b)(3) of the Federal Rules of Civil Procedure.
15 A violation of Rule 11(b)(3) in this matter potentially may result in a referral to correctional authorities
16 for consideration of possible imposition of disciplinary penalties for major violation MJ48.[1]  While the
17 present order shall not constitute a basis for such a major violation, this is the last advance warning that
18 petitioner will receive.

19   IT THEREFORE IS ORDERED that the motion (#7) for relief from order is DENIED.
20   DATED this 6th day of March, 2013.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

---

[1] Under MJ48 of the NDOC Administrative Regulations, a major violation may be committed by the following: "Any violation of the Rules of Court, contempt of court, submission of forged or otherwise false documents, submissions of false statements, violations of Rules of Civil Procedure and/or receiving sanctions and/or warnings for any such actions from any court.  Although not necessary for disciplinary purposes, any Order from any court detailing such action shall be sufficient evidence for disciplinary purposes."